UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

PROBATION OFFICE

RICHARD A. HOUCK, JR.
CHIEF UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300

RECEIVED
MAY 17 2005
CHAMBERS OF CHIEF JUDGE
THOMAS F. HOGAN



## MEMORANDUM

May 16, 2005

**To:**   Honorable Thomas F. Hogan, Chief Judge
          U.S. District Court for the District of Columbia

**Through:** Ervin Bell, Supervising
             United States Probation Officer
             Tel: (202) 565-1314

**From:** Pasquinucci Miller
          United States Probation Officer
          Tel: (202) 565-1413

**Re:**   **Bridgette Johnson**
          Docket Number: CR-99-194 (D/CT)[1]
          **STATEMENT OF ALLEGED VIOLATION OF SUPERVISED RELEASE**

---

**SENTENCE:** On July 21, 2000, Bridgette Johnson appeared before the Honorable Janet C. Hall, in the District of Connecticut, and was sentenced having pled guilty to Assault with a Deadly Weapon, in violation of 18 U.S.C. §113 (a). On that date, she was committed to the custody of the United States Attorney General for a term of thirty months to run consecutive to her other federal sentence. Supervised release was to follow for a term of three years with the following special conditions: 1) participate in substance abuse treatment, to include drug testing as an in or out-patient, at the direction of the probation officer; 2) participate in mental health counseling with a focus on anger management, at the direction of the probation officer; 3) pay all or a portion of the costs associated with treatment based on her ability to pay as determined by the probation officer; and 4) pay a special assessment of $100. Supervision commenced on October 22, 2002, and is scheduled to expire on October 21, 2005.

On May 5, 2005, Your Honor accepted jurisdiction of this case.

**ISSUE:** Reference is made to the attached petition in which a hearing on violation of supervised release is requested. Ms. Johnson is charged with the following alleged violation of supervised release.

---

[1] This is the docket number assigned by the District of Connecticut. On May 2, 2005, jurisdiction was accepted by the District of Columbia; however, a docket number for the District of Columbia is yet to be assigned.

Johnson, Bridgette
Docket No: CR-99-194( D/CT)
Page 2

1. Ms. Johnson tested positive for marijuana on October 7, 2004, and cocaine on January 13, 2005, February 9, 2005, April 1, 2005, and April 5, 2005. (Special Condition)

Ms. Johnson began drug testing with the Renaissance Drug Treatment Center on April 1, 2003. On May 25, 2003, Ms. Johnson's plan with the Renaissance Drug Treatment Center was terminated in order for her to receive all treatment services (mental health and drug aftercare) through one provider, Family Health Center. She was compliant with the program requirements.

Ms. Johnson's treatment was terminated with the Family Medical Health on April 22, 2004, when our contract with that agency ceased. Subsequently she was scheduled to attend mental health counseling sessions with Anchor Mental Health in Washington, D.C., and to submit to random urinalysis at the U. S. Probation Office. On April 29, 2004, an assessment administered by Kasy Snukis, Anchor Mental Health, determined that Ms. Johnson would report to Anchor Mental Health Center, as needed. To date, Ms. Johnson has not reported for mental health counseling and the undersigned has not observed any signs of unusual behavior.

All urinalysis results submitted at the U.S. Probation Office returned negative for drug use until October 7, 2004, when Ms. Johnson tested positive for cannabinoids. She was confronted by the undersigned about the positive results and admitted to smoking marijuana. She was verbally reprimanded with instructions to remain drug free. On January 26, 2005, Ms. Johnson submitted a urinalysis specimen at the U.S. Probation Office which returned positive for cocaine. When confronted, she denied intentional use and attributed it to someone placing it in her food. On February 9, 2005, Ms. Johnson submitted a urinalysis specimen at the U.S. Probation Office wich returned positive for cocaine. When confronted, Ms. Johnson denied the use. Due to the apparent relapse, the undersigned suggested drug treatment, which consists of counseling and drug testing. Ms. Johnson consented.

Ms. Johnson began drug treatment on March 11, 2005, with the Next Step Program. The urinalysis results submitted to the program on March 24, 2005, April 1, 2005, and April 5, 2005, returned positive for cocaine. Due to the frequency of the positive results, the undersigned arranged for Ms. Johnson to go into a detoxification program for fourteen days, followed by 90 days in-patient drug treatment at the Salvation Army Harbor Lights Program. Ms. Johnson consented. The undersigned arranged transportation for Ms. Johnson to the detox center and gave her face to face instructions during an office visit on April 29, 2005, to be at her home in order for the transport to take place. She was not available and did not report to the detoxification treatment.

On May 2, 2005, the undersigned contacted Ms. Johnson by telephone and instructed her to continue in the treatment program with the Next Step Program until further notice.

On May 13, 2005, the undersigned became aware, by written correspondence received from the Next Step Program, that Ms. Johnson had been discharged from the Next Step Program, effective April 27, 2005, due to her non-compliance.

**SUPERVISION ADJUSTMENT:** Poor.

Ms. Johnson continues to reside in Northeast Washington, D.C., with two young nephews. She is unemployed. Her income of $642.00 per month is derived from welfare benefits.

Johnson, Bridgette
Docket No: CR-99-194( D/CT)
Page 3

She has satisfied the $100 special assessment fee, and maintains contact with the undersigned.

**SENTENCING OPTIONS:** Positive urine results are technical violations, which constitutes a Grade C violation. Pursuant to U.S.S.G., 7B1.3(a)(2), upon finding of a Grade C violation, the Court may revoke probation or supervised release; or extend the term of supervised release and/or modify conditions of supervised release.

The revocation guidelines are 5 to 11 months for a Criminal History Category III and a Grade C violation, pursuant U.S.S.G. 7B1.4(a).

Pursuant to 18 U.S.C. 3583(e)(3), the maximum statutory prison term that can be imposed upon revocation of supervised release is 24 months for a Class C felony.

Pursuant to 18 U.S.C. § 3583(g)(4), the Court shall revoke the sentence of supervised release if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant to 18 U.S.C. § 3583 (d), the Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Guidelines from the rule of 18 U.S.C. § 3565(g)(4) when considering any action against a defendant who fails a drug test. According to the office of the General Counsel of the Administrative Office of the United States Courts, this section will most likely be effective for positive drug tests that occur after November 2, 2002. However, since Ms. Johnson committed the offense for which she was convicted prior to the enactment date of November 2, 2002, implementation of the mandatory revocation provisions of 18 U.S.C. § 3583 (g)(4) may violate the Ex Post Facto Clause of Article 1, § 9, cl. 3 of the United States Constitution, if the Court finds that the application of this provision disadvantages the defendant.

Should the Court revoke supervised release and impose a period of imprisonment that is less than the maximum statutory term of imprisonment (24 months), the Court may reimpose a term of supervised release after imprisonment. According to 18 U.S.C. 3583(h), and U.S.S.G. 7B1.3(g)(2), the length of supervised release shall not exceed the term of supervision authorized by statute for the offense that resulted in the original term of supervised release (three years), less any term of imprisonment that was imposed upon revocation of supervised release.

Since this is a supervised release case, the Court has the authority to delegate the Magistrate Judge to conduct a Hearing on Violation of supervised release and report his/her findings to the Court, according to 18 U.SC. 3401(i).

Johnson, Bridgette
Docket No: CR-99-194( D/CT)
Page 4

**RECOMMENDATION:** As the primary violations are positive urinalysis results, we recommend that a hearing on violation of supervised release be scheduled with voluntary appearance of Ms. Johnson.

Should Your Honor concur, the attached Probation Form 12 petition has been prepared.

Attachment: Probation Form 12

_____
Thomas F. Hogan, Chief Judge
United States District Court

5/18/05
Date

PROB 12C
(Rev. 12/82)



## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

FILED

MAY 19 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

U.S.A. vs. **Bridgette Johnson**　　　　　　　　Docket No.
　　　　　　　　　　　　　　　　　　　　　　　CR **99-194(D/CT)**[1]

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violation of Supervised Release)

COMES NOW **Pasquinucci Miller**, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Bridgette Johnson**, who was placed on Supervised Release by the Honorable **Janet C. Hall**, United States District Court Judge, sitting in the Court at the District of Connecticut, on the **21st** day of **July**, 2000, who fixed the period of Supervised Release at **three** years, and imposed the general terms and conditions of Supervised Release theretofore adopted by the Court, and also imposed special conditions and terms as follows:

1. Participate in substance abuse treatment, to include drug testing as an in or out-patient, at the direction of the probation officer;

2. Participate in mental health counseling with a focus on anger management, at the direction of the probation officer;

3. Pay all or a portion of the costs associated with treatment based on her ability to pay as determined by the probation officer; and

4. Pay a special assessment of $100.

On July 21, 2000, Bridgette Johnson appeared before the Honorable Janet C. Hall, in the District of Connecticut, and was sentenced having pled guilty to Assault with a Deadly Weapon, in violation of 18 U.S.C. § 113(a). On that date, she was committed to the custody of the United States Attorney General for a term of thirty months to run consecutive to her other federal sentence. Supervised release was to follow for a term of three years. Ms. Johnson's term of supervision is scheduled to expire on October 21, 2005.

On May 5, 2005, Your Honor signed the Probation Form 22, accepting jurisdiction of this case.

---

[1] This is the docket number assigned by the District of Connecticut. On May 2, 2005, jurisdiction was accepted by the District of Columbia; however, a docket number for the District of Columbia is yet to be assigned.

Johnson, Bridgette
Docket No. CR-99-194(D/CT)
Page 2

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Statement of Alleged Violation of Supervised Release

1.   Ms. Johnson tested positive for marijuana on October 7, 2004, and cocaine on January 13, 2005, February 9, 2005, April 1, 2005, and April 5, 2005. (Special Condition)

PRAYING THE COURT WILL ORDER a Hearing on Violation of Supervised Release with the voluntary appearance of Ms. Johnson before the Court _____ /Magistrate Judge FASCIOLA on 6/13/05, at 9:30AM, in Courtroom #4 second floor To be set

Respectfully submitted,

*[signature]*
Pasquinucci Miller
United States Probation Officer
Telephone: (202) 565-1413

APPROVED BY: *[signature]*
Ervin Bell, Supervising
United States Probation Officer
(202) 565-1314

### ORDER OF COURT

Considered and ordered this _18_ day of _May_, 2005.

*[signature]*
Thomas F. Hogan, Chief Judge
United States District Court

Johnson, Bridgette
Docket No. CR-99-194(D/CT)
Page 3

Notice of Delivery to Parties:

Tasheeka Hawkins
Criminal Division
U.S. Attorney's Office
555 4th Street, N.W
20036

A.J Kramer
Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004