UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
UNITED STATES OF AMERICA,        )
                                              )
              v.                              )          CR. No. 05-PT-329 (TFH)(AK)
                                              )
                                              )
BRIDGETTE JOHNSON,              )
                                              )
              Defendant.                )
_____)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Thomas F.

Hogan, Chief Judge, for a Hearing on Violation of supervised release and a Report and

Recommendation.

Background

On July 21, 2000, Ms. Johnson appeared before the Honorable Janet C. Hall, in the

District of Connecticut, and was sentenced following her plea of guilty to Assault with a Deadly

Weapon, in violation of 18 U.S.C. §113(a), to a term of imprisonment of 30 months, to run

consecutively to her other federal sentence.  A three year term of supervised release was to

follow the term of incarceration.  In addition, the following special conditions were set:

1) participation in a substance abuse treatment program, to include drug testing, an in or out-

patient program at the direction of the Probation Officer; 2) participation in mental health

counseling with a focus on anger management, at the direction of the Probation Officer; 3)

payment of all or a portion of the cost associated with treatment based on her ability to pay as

determined by the Probation Officer; and 4) payment of a special assessment of $100. Supervision began on October 22, 2002, and is scheduled to terminate on October 21, 2005. It would appear that a request to transfer jurisdiction from the United States District Court of Connecticut to this Court was made and on May 5, 2005, Chief Judge Hogan of this Court accepted jurisdiction of this case.

On May 16, 2005, the Probation Office advised the Chief Judge that Ms. Johnson had new illegal drug use. On July 13, 2005, Ms. Johnson appeared before Magistrate Judge Robinson for an Hearing on Violation. At the hearing, Judge Robinson directed that Ms. Johnson be referred for outpatient drug treatment with individual therapy to be provided by a mental health clinician. On that same date, the Probation Office referred Ms. Johnson to the Renaissance Treatment Center for random drug testing on a weekly basis and counseling twice per week. Ms. Johnson was also referred for individual counseling with a Doctor Farone, a contracted psychologist with the United States Probation Office.

By Memorandum dated August 12, 2005, the Probation Office notified the undersigned that since July 13, 2005, all of the Defendant's random urinalysis tests administered by the United States Probation Office and the Renaissance Treatment Center were returned positive for cocaine use. Throughout July and August, Ms. Johnson either continued to test positive for cocaine use or failed to report for testing.

<u>Hearing on Violation of Supervised Release</u>

A hearing on the alleged violations of the conditions of supervised release was held by the undersigned on August 16, 2005. At the hearing, the Probation Officer testified as to the allegations set forth in the Memorandum dated August 12, 2005. Ms. Johnson, through counsel,

did not contest the fact that she has continued to test positive for cocaine use and urges the Court to permit her to pursue drug treatment.  At the conclusion of the hearing, the undersigned directed and the Defendant agreed that she enter a detoxification program and thereafter report to a drug therapy program to be designated by the Probation Officer.  A new control status hearing was set  for August 29, 2005.

By Memorandum to the undersigned dated August 26, 2005, the Probation Officer advised the Court that Ms. Johnson had failed to report for urinalysis testing at the Renaissance Treatment Center on August 17, 2005.  On August 23, 2005, a letter of written reprimand was sent to Ms. Johnson advising of the missed test and instructing her to report for testing to the Renaissance Treatment Center.

On August 25, 2005, the Supervising Probation Officer arranged for Ms. Johnson to be accompanied to Alexandria, Virginia for the purpose of beginning a detoxification program.  Ms. Johnson failed to secure her medication for her admission at that time, even though she was previously notified to bring with her for admission to the Detoxification Center all necessary items including medications.  She neglected to do so and as a result she was not placed in the Alexandria Detoxification Center on that date.

The Probation Officer noted that on August 26, 2005, the date of the Memorandum, she received a telephone call from the Defendant advising that she was now in and participating in a detoxification program at the Alexandria Detoxification Center.  The Probation Officer verified with the staff at the Detoxification Center that Ms. Johnson had indeed entered the program.

It was also noted that Ms. Johnson had obtained employment with McDonald's restaurant in early August 2005.  The Defendant also receives welfare benefits in the amount of $642 per

month.  Ms. Johnson has satisfied the special assessment of $100, has maintained contact with the undersigned, and there have been no outstanding warrants or new arrests as reflected in NCIC.

On or about August 29, 2005, the undersigned was advised that Ms. Johnson continued to participate in the detoxification program at the Alexandria Detoxification Center and the parties requested that she remain on supervised release and a new hearing on violation date be set to ascertain Ms. Johnson's progress in the subsequent drug therapy program.


**DATED: September _____ , 2005**          _____

                                           **ALAN KAY**
                                           **UNITED STATES MAGISTRATE JUDGE**